UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TASHAWNA JONES,                                     CIVIL NO. 17-5448 (MJD/DTS)

    Plaintiff,

v.                                                              ORDER

PUBLIC HOUSING AGENCY
OF THE CITY OF SAINT PAUL,

    Defendant.

_____

    Heather Meyers, Southern Minnesota Regional Legal Services, Counsel for Plaintiff.

    Sean Dillon Whatley, St. Paul Assistant City Attorney, Counsel for Defendant.

_____

I.    **Introduction**

    The above matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge David T. Schultz dated February 27, 2018. Plaintiff objects to the recommendation that the Court deny her motion for a temporary restraining order, arguing the Magistrate Judge applied the wrong standard in determining the likelihood of success on the merits of her claim of lack of due process. Plaintiff further objects to the

Magistrate Judge's finding that she failed to show irreparable harm, because Plaintiff failed to show she was being evicted.  Plaintiff claims at this time that she still has not found a job, it is unclear how long her landlord would delay filing an eviction notice, and she currently does not have sufficient income to pay rent.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court will ADOPT the Report and Recommendation in its entirety.

II.   Discussion

A. Background

Plaintiff does not object to the Magistrate Judge's findings of fact, and the Court adopts those findings as its own.  Briefly, Plaintiff was notified by letter received on August 21, 2017, that her Section 8 assistance would be terminated effective September 30, 2017 because she failed to report her receipt of child support income from 2014 through June 2017.  (Comp. Ex. 1.)  The letter set forth the bases for this decision, and provided her until August 27, 2017 to request an informal hearing to challenge the termination of her benefits.  (<u>Id.</u>)

In the envelope with the termination letter was a letter informing her that she owed PHA $668 in overpayments, and a third document that was a proposed Section 8 Repayment Agreement. (Id., Exs. 2 and 3.)

The second letter informed Plaintiff of a balance due because of the child support payments that had not been reported and explained that the balance represented a retroactive adjustment to what her rent portion should have been from June 2014 through June 2017. (Id., Ex. 2.) The letter informed Plaintiff of the options available for repayment, and warned that if she did not pay the balance or enter into a Repayment Agreement, her Section 8 assistance could be terminated. (Id.)

Plaintiff signed the Repayment Agreement, and sent in a monthly payment. (Id. Exs. 3 and 4.) Plaintiff mistakenly believed that if she met her repayment obligations, her Section 8 assistance would continue. (Id. Ex. 5.) She therefore did not request an informal hearing within the time allowed to challenge the termination. Plaintiff's Section 8 assistance was terminated on September 30, 2017.

After her Section 8 assistance was terminated, Plaintiff continued to pay her rentn from her wages. (Plaintiff Aff. ¶ 3.) However, on February 6, 2018,

Plaintiff lost her job, and thereafter filed this motion for temporary injunctive relief, seeking an order enjoining Defendant from refusing to reinstate her Section 8 assistance[1].

### B. Motion for Preliminary Injunctive Relief

To be entitled to preliminary injunctive relief, Plaintiff must establish she will suffer irreparable harm if the requested relief is not granted, a likelihood of success on the merits, the balance of harms weighs in her favor and that the public interest supports her request.  Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981).

To demonstrate irreparable harm, the movant is required to "show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Iowa Util. Bd. v. F.C.C., 109 F.3d 418, 425 (8th Cir. 1996).   Under this strict standard, the Court finds that Plaintiff has not demonstrated that her eviction is certain.  In fact, in her objection, Plaintiff asserts "[i]t is not certain whether or for how long her landlord will delay filing an

---

[1] In her motion, Plaintiff also requested the Court enjoin Defendant from terminating her Section 8 assistance without affording her an adequate and timely notice or an opportunity for a pre-termination hearing.  Defendant has already terminated her Section 8 assistance, however, therefore the Court cannot enjoin what has already taken place.

eviction action." (Plaintiff Obj. at 5.) Accordingly, the Court finds that Plaintiff has not met her burden of demonstrating irreparable harm.

As to the likelihood of success on the merits factor, Plaintiff claims that the Magistrate Judge applied the wrong standard. The Magistrate Judge found that Defendant had provided Plaintiff sufficient due process because it had provided her written notice of the termination of her Section 8 housing benefits as required by 24 CFR § 982.555(c)(2).

Plaintiff argues it is not enough to show compliance with statutory notice requirements. Instead, '[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Plaintiff thus argues that the Court must consider not only the contents of the termination letter, but the letters and notices provided with the termination letter. See Mayhew v. Cohen, 604 F. Supp. 850 (D. Pa. 1984); Walters v. Reno, 145 F.3d 1032 (9th Cir. 1998).

Plaintiff argues that the language of the termination letter, which she does not dispute provides notice of the basis of the termination and an opportunity to challenge the termination, is drowned out by the two documents that accompanied the termination letter.  She argues that because Defendant did not provide a termination notice that was reasonably calculated to inform her that it was offering a repayment agreement **and** that it was terminating her Section 8 assistance, there is a reasonable probability that she will succeed on her due process claim.  The Magistrate Judge acknowledged Plaintiff's confusion caused by the multiple letters, noted the confusion may be sincere, but found that it did not render the otherwise adequate Notice constitutionally deficient.

Defendant argues that the standard for evaluating whether notice is constitutionally adequate to terminate a public benefit was first articulated in Goldberg v. Kelly, 397 U.S. 254 (1970).  In that case, the Court held that the fundamental requisites of due process of law – the opportunity to be heard at a meaningful time and in a meaningful manner – "require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." Id., 397 U.S. at 267–68.  In

response to the Goldberg decision, Defendant asserts that the United States Department of Housing and Urban Development ("HUD") promulgated regulations to articulate a uniform pre-termination notice and hearing requirements that are currently found at 24 CFR § 982.555(c)(2). Defendant asserts that the termination letter sent to Plaintiff complied with these regulations.

Defendant argues that Plaintiff's position – that an otherwise adequate termination letter can be rendered inadequate if it is sent in conjunction with other letters – is not supported by any case law, and the two cases cited by Plaintiff are distinguishable.

The Court agrees that the Mayhew and Walters decisions are factually distinguishable, and involve multiple notices that, independently, are not constitutionally adequate or include language that is affirmatively misleading.

In Mayhew, plaintiffs challenged "the series of three letters by which the state notifies a recipient of an overpayment [of state benefits] and its consequences offers inadequate notice of (1) the nature and scope of the recipient's right to contest the recoupment, and (2) the reasons for the government's actions." Id. 604 F. Supp. at 855. The district court held the series

of letters did not provide constitutionally adequate notice, because the letters did not reasonably inform the recipients of the availability of a hearing or offer recipients the opportunity to adequately prepare for such hearing.  Mayhew, 604 F. Supp. at 856.

In Walters, the court addressed the adequacy of procedures used by the INS to procure waivers of the right to a hearing in document fraud proceedings. 145 F.3d at 1037.  The plaintiffs alleged the procedures were constitutionally deficient because the forms used in connection with the proceedings did not adequately inform aliens of their right to a hearing or of the drastic immigration consequences that would ensue if the alien failed to request a hearing – deportation.  Id. at 1038.  The court agreed and found that each of the forms at issue were constitutionally inadequate, and that such inadequacy was compounded when the forms were read together.  Id. at 1042.  In addition, the court found "the forms the government serves on the plaintiff are not only confusing, they are affirmatively misleading." Id.

In this case, however, there appears to be no dispute that the termination notice and the overpayment notice are constitutionally adequate when read independent of the other.  In addition, there is no claim that the language used in

the forms is affirmatively misleading or confusing. Further, the overpayment letter does not inform or suggest that by signing the Repayment Agreement, and making monthly payments, such action would nullify the termination notice. In addition, the termination notice clearly states that if Plaintiff disagreed with the decision to terminate benefits she "**must** submit a written request for an informal hearing within ten (10) workings days of the date of this letter" and provides information as to the contact person and the address to send the request. (Ex. 1 (emphasis added).) Plaintiff has thus failed to demonstrate a likelihood of success on the merits.

Because Plaintiff has failed to demonstrate that she is entitled to preliminary injunctive relief, her motion must be denied.

IT IS HEREBY ORDERED that Plaintiff's Motion for Emergency Injunctive Relief [Docket No. 8] is **DENIED.**

Dated:   March 29, 2018

                                                      s/ Michael J. Davis
                                                      MICHAEL J. DAVIS
                                                      United States District Court